

SCHINDLER
COHEN &
HOCHMAN

February 11, 2022

**BY ECF AND FED-EX**

Hon. Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Trane International Inc. et al v. Calentadores de America, S.A. de C.V. et al.* -
1:21-cv-04497-DLC – Consented Letter-Motion to Seal Agreements

Dear Honorable Judge Cote:

      We represent Calentadores de America, S.A. de C.V. ("Calentadores") and Ariston Thermo Mexico S.A. de C.V. ("Ariston," and together with Calentadores, "Defendants") in the above-referenced action. Pursuant to Rule 8(B) of this Court's Individual Practices in Civil Cases, Calentadores respectfully moves for an order granting it leave to file under seal a Trademark License Agreement dated December 13, 2000 and the First Amendment to Trademark License Agreement dated November 21, 2014 (together, the "Agreements," attached hereto as **Exhibit A**) between Calentadores and Plaintiffs Trane International Inc. and Trane U.S., Inc. (together, "Trane") and/or their predecessors in interest. Trane's Complaint asserts that Defendants breached the Agreements, and Defendants intend to attach the Agreements under seal as Exhibit A to the Declaration of Lisa C. Cohen, dated February 11, 2022 in support of Defendants' motion to dismiss the Complaint (the "Cohen Declaration").[1] Trane consents to this motion.

      Courts "commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard," even if they are considered judicial documents. *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500 (GHW), 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (internal citations omitted); *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, No. 19-CV-6239 (PKC), 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) ("a valid need to protect the confidentiality of confidential and proprietary business information may be a legitimate basis to rebut the public's presumption of access to judicial documents"). The Agreements contain highly confidential and sensitive information as to Calentadores' business. The need for Calentadores to protect that information outweighs any presumption in favor of public disclosure.[2]

---

[1]     Defendants at Exhibit A to the Cohen Declaration have provisionally filed a slip sheet referring this Court to Exhibit A of this letter-motion. (*See* ECF No. 24-1.)

[2]     Trane's Complaint discloses limited non-confidential terms of the Agreements that are central to the parties' dispute, and Defendants' motion to dismiss does the same. Thus, notwithstanding any order sealing these Agreements, the public will be afforded access to such terms.

Schindler Cohen & Hochman LLP • 100 Wall Street, 15th Floor, New York, NY 10005 • Tel 212.277.6300 • Fax 212.277.6333 • www.schlaw.com

Good cause exists here to seal the Agreements based on the highly confidential and commercially sensitive information contained therein. Most notably, the Agreements contain the parties' royalty licensing fees (*see* Ex. A, License Agreement § 5, First Amendment to License Agreement § 8), which falls within the category of "commonly sealed" information. *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 1:19-CV-010125 (ALC), 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (citation omitted) (finding that pricing information should be sealed as it "is sensitive and potentially damaging if shared with competitors"). In addition, the Agreements describe the commercial bargain struck by the parties, including *inter alia*:

a. the duration of the License Agreement's term (*see* Ex. A, License Agreement § 9, First Amendment to License Agreement § 11);
b. the specific trademarks that are licensed (*see id.*, First Amendment to License Agreement § 4 & Schedule A);
c. the applicable territory of the licensed rights (*see id.*, License Agreement Recitals; §§ 1(a), 1(c), 6(a); First Amendment to License Agreement §§ 2, 3); and
d. terms relating to the scope of the licensed rights and the agreed-upon limitations for these rights (*see e.g.*, *id.*, License Agreement Recitals; §§ 1(a)–(c), 6(a)–(l), 9(a)–(c), 10; First Amendment to License Agreement §§ 9, 10).

The disclosure of the Agreements' terms would harm Calentadores' competitive standing (and may harm Trane's as well). Cognizant of this reality, courts in New York and elsewhere have routinely granted motions to seal the terms of license agreements, concluding that the public interest in their disclosure is outweighed by the harm to the contracting party's competitive advantage in negotiating future agreements. *See Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (granting motion to seal documents containing the terms of trademark licensing agreements because "[d]isclosure of these contractual terms could harm [licensor] and/or its business partners by disadvantaging them in negotiating future licensing agreements"); *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846 (LHK), 2013 WL 3958232, at *3 (N.D. Cal. July 29, 2013) (finding that public disclosure of "pricing terms, royalty rates, and payments," among others, in license agreements "could place . . . [licensor] in a diminished bargaining position in future negotiations with potential customers and competitors, thereby causing significant harm to [licensor's] competitive standing"); *SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, 261 F. Supp. 2d 1008, 1008 (N.D. Ill. 2003) (sealing settlement agreement because "it contains information about the terms and conditions of the distributorship arrangement that the licensing agreement creates that might give other firms an unearned competitive advantage"); *see also Mars, Inc. v. JCM Am. Corp.*, No. 05-CV-3165 (RBK), 2007 WL 496816, at *2–3 (D.N.J. Feb. 13, 2007) (sealing agreement where disclosure would "dampen [Plaintiffs'] ability to negotiate effectively favorable terms" in the future).

For these reasons, we respectfully request that the Agreements be sealed in their entirety.

Respectfully submitted,

Juan Marcos Otazu Jara
(212) 277 6324
jmotazu@schlaw.com

cc: Counsel of Record (*by ECF*)

**SO ORDERED:**

Dated: _____

_____
Hon. Denise L. Cote
United States District Judge